

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-22-2003

# USA v. Polanco

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2585

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Polanco" (2003). *2003 Decisions.* Paper 265.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/265

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 02-2585

UNITED STATES OF AMERICA

v.

AGUILE POLANCO,
a/k/a CHAMACO,
a/k/a WILLIAM,

Aguile Polanco,

Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 01-cr-00031-2
District Judge: Hon. Eduardo C. Robreno

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 15, 2003
Before: McKee, Smith & Cowen, Circuit Judges
(Filed          September 22, 2003                )

OPINION OF THE COURT

McKee, Circuit Judge

Aquile Polanco appeals the sentence the district court imposed following his plea

of guilty to numerous charges arising from his involvement in a conspiracy to distribute

cocaine, heroin and crack cocaine.  For the reasons that follow, we will affirm.

Inasmuch as we are writing only for the parties who are familiar with the factual

and procedural background of this case, we need not reiterate the facts except as may be

helpful to our brief discussion. Polanco argues that the district court erred in sentencing him more severely than his equally culpable female partner and the district court's sentencing therefore constituted sex discrimination in violation of the equal protection component of the Fifth Amendment. We disagree.

The district court disagreed with Polanco's attempt to characterize himself and codefendant Burgos as equal partners with equal culpability and indistinguishable sentencing factors.

Although the district court conceded that Burgos and Polanco were partners, the court noted that it was Polanco who had access to the source of supply and who controlled the other persons involved in the conspiracy, including codefendant Burgos. The court stated, "this man is at the top. . . everybody else worked for him." App. 136. The court noted that the codefendant "was an administrative leader here, but not sort of a chief executive officer. That's Mr. Polanco." *Id*. at 151. Because of Polanco's position at the top of the conspiracy and his access to the illegal drugs that the conspiracy was selling, the court concluded that the conspiracy could not have existed without him. It may, however, have been able to exist without Burgos. Polanco "was a key to this conspiracy. [Burgos] was pretty helpful, but may be fungible." Defense counsel did not disagree with that assessment. On the contrary, counsel indicated his agreement with the court's factual conclusion during the sentencing procedures. Moreover, even now counsel does not seriously argue that the court erred in its conclusion.

Inasmuch as the court's conclusions adequately supported the difference in the sentences of Polanco and codefendant Burgos, and since that factual distinction was not clearly erroneous, it is clear that Polanco's belated attempt to hang an appeal on the constitutional hook of the Fifth Amendment is without merit. Accordingly, we will affirm.

TO THE COURT:

Please file the foregoing opinion.

By the Court,

_____

Circuit Judge